THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2010 OCT 4  AM 11 35
PATRICK E. DUFFY, CLERK
BY _____
    DEPUTY CLERK

| | |
|---|---|
| BENEDICT SHOULDERBLADE, Plaintiff, vs. ATTORNEY STEVE C. BABCOCK, Defendant. | Cause No. CV 10-117-BLG-RFC-CSO  RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Benedict Shoulderblade's Motion to Proceed in Forma Pauperis (Court Doc. 1) and Complaint (Court Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987). Shoulderblade's motion should be denied because he has not stated a federal claim and he cannot do so because any claims regarding his criminal proceedings would be barred by the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)

Shoulderblade is a federal prisoner proceeding without counsel. The Defendant is Shoulderblade's criminal defense attorney Steve C. Babcock. Shoulderblade complains that he was arrested on August 18, 2010, on a probation violation and put in the County jail. He complains that as of the date of signing his Complaint (September 29, 2010) he still had no lawyer. He asks that he be represented by a lawyer and be given $2,000,000.00 dollars in damages. (Court doc. 2, pp. 6-7).

Shoulderblade has failed to set forth a federal claim over which this Court has subject matter jurisdiction. Shoulderblade's claims are construed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which requires proof that Mr. Babcock was a federal officer acting

under color of federal law in his representation of Shoulderblade in the federal criminal proceeding. In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Even if Shoulderblade could prove ineffective assistance of counsel, he cannot state a claim for damages against his criminal defense lawyer because there would be no state action. *See Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).

Moreover, the Court notes that the docket report on Shoulderblade's criminal proceeding indicates that he appeared before Judge Shanstrom on September 29, 2010, with counsel, he admitted two probation violations, and was sentenced. (Criminal Docket No. 09-CR-00044-BLG-JDS)[1] As Shoulderblade has now appeared with

---

[1] A court may take judicial notice of its own as well as other courts' records. *See, e.g., Rand v. Rowland,* 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly),* 841 F.2d 908, 911 n.1 (9th Cir. 1988).

counsel, his request for injunctive relief, i.e., that he be represented by a lawyer is moot.

Finally, even if Shoulderblade could name a proper defendant, any claims regarding his criminal proceedings are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 486-87. *Heck* applies with equal force to federal convictions. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996)(hold that *Heck*'s requirements apply equally to *Bivens* actions).

Any claim regarding Shoulderblade's representation in the criminal proceeding could imply the invalidity of the conviction. As Shoulderblade was just convicted and sentenced on September 29, 2010, his conviction has not been reversed, declared invalid, expunged,

or called into question. Thus, Shoulderblade has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment.

As Shoulderblade has failed to state a federal claim upon which relief could be granted, the Motion to Proceed in Forma Pauperis should be denied and the Complaint dismissed with prejudice.

Because Shoulderblade is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Cebull.

DATED this 4th day of October, 2010.

_____
Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the

Court issues the following:

## ORDER

1. Shoulderblade's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 4th day of October, 2010.

Richard F. Cebull, Chief Judge
United States District Court